IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FRANK SCOT JONES,                    )
                                     )
Plaintiff,                           )
                                     )
vs.                                  )    CAUSE NO. 3:13-CV-548
                                     )
KENNY WHITE, and                     )
CLAIR RETECK BARNES,                 )
                                     )
Defendants.                          )

OPINION AND ORDER

This matter is before the Court on the amended complaint filed pursuant to 42 U.S.C. § 1983 by Frank Scot Jones, a *pro se* prisoner, on July 11, 2013. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

DISCUSSION

Jones alleges that Kenny White used excessive force against him and/or denied him medical treatment during and after a cell shakedown in 2008. This claim is barred by the statute of limitations because "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Because it has been more than two years since these claims arose, this case must be dismissed.

Though Jones previously filed these claims in *Jones v. Miami Correctional Facility*, 3:08-CV-497 (N.D. Ind. filed October 27, 2008), the Journey's Account Statute does not extend the

limitations period because that case was dismissed on October 13, 2011, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Journey Account Statute provides that the limitation period is only extended where:

> (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
> (2) the action abates or is defeated by the death of a party; or
> (3) a judgment is arrested or reversed on appeal.

Indiana Code 34-11-8-1(a). Here, Jones' prior case did not end as a result of a death or while on appeal, therefore the deadline can only be extended if the prior case ended for some reason other than negligence in its prosecution. However, that is not the case here.

The prior case ended because he did not provide the Court with his current address. That constitutes negligence in prosecution because "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D. N.Y 2006) (quotation marks and citation omitted). *See also Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1244 (Ind. 2010) ("[N]egligence in the prosecution is broader than its origin in failure to . . . prosecute as required by Indiana Trial Rule 41(E), and the term has been said to apply to any failure of the action due to negligence in the prosecution.") (quotation marks omitted).

Though the prior case was dismissed without prejudice, that only permitted Jones to re-file within the deadline proscribed by the statute of limitations; it did not extend that deadline. Moreover, before filing this case, Jones sought to reopen the prior case by arguing that he was prevented from litigating it while he was housed at the Miami Correctional Facility. However, the Court denied that motion after finding that he had waited more than a year to provide the Court with his new address after he moved out of the Miami Correctional Facility. Therefore it is clear that the prior case ended as a result of Jones' negligence in its prosecution. Because the statute of limitations was not extended by his prior lawsuit, this case is untimely and must be dismissed.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

DATED: July 18, 2013                          /s/RUDY LOZANO, Judge
                                        United State District Court